979 F.2d 217
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hermine CRAWFORD, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3343.
 United States Court of Appeals, Federal Circuit.
 Sept. 25, 1992.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Hermine Crawford petitions for review of the Merit Systems Protection Board decision, Docket No. SF083l920l90-I-1, dismissing her appeal after Crawford voluntarily moved for dismissal. We affirm.
 
 DISCUSSION
 
 2
 On approximately November 12, 1990, Crawford applied for civil service survivor annuity benefits with the Office of Personnel Management (OPM). OPM denied her application because she did not file her claim prior to May 8, 1989. 5 C.F.R. §§ 831.619(b) and 831.622(a). OPM denied Crawford's request for reconsideration on February 27, 1991. On November 4, 1991, Crawford appealed to the Board.* During a telephone conversation on November 19, 1991, the Administrative Judge (AJ) informed Crawford that her application for a survivor annuity had to have been made before May 8, 1989 even if her former spouse was still living at the time. The AJ also informed Crawford that OPM was under no statutory duty to notify her of the filing deadline. In response, Crawford moved to dismiss her appeal and the AJ granted her motion in his November 19 decision. On December 16, 1991, Crawford filed a petition for review with the Board arguing again that she was never informed of the deadline to file for the benefits. The Board denied Crawford's petition because it did not meet the criteria for review. 5 C.F.R. § 1201.115.
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) artibrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988).
 
 
 4
 Crawford's appeal was withdrawn at her own request. Here, Crawford does not allege any facts or circumstances that would render her withdrawal involuntary. Duncan v. Merit Sys. Protection Bd., 795 F.2d 1000, 1002 (Fed.Cir.1986) (Board did not abuse its discretion in refusal to reopen appeal in which petitioner had previously requested dismissal). We cannot say that the Board abused its discretion in dismissing Crawford's appeal merely because she now has a change of mind. Duncan, 795 F.2d at 1002. Accordingly, we affirm the decision of the MSPB.
 
 
 5
 No costs.
 
 
 
 *
 On November 8, 1991, the Administrative Judge informed Crawford that her appeal was untimely and ordered her to show "good cause" for the late filing. 5 C.F.R. § 1201.22(c). However, the Administrative Judge did not address this issue in his decision granting Crawford's voluntary dismissal